IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL O'ROREY, | Civil Action |
| Plaintiff, | No.   21-1342 |
| v. | |
| AARSAND MANAGEMENT, LLC, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT-FLSA COLLECTIVE ACTION

Plaintiff, Michael O'Rorey, by undersigned counsel, files this Civil Complaint, and in support states the following.

1. This is a collective action lawsuit brought pursuant to 29 U.S.C. § 216(b), on behalf of a group of similarly situated Maintenance Technicians employed or formerly employed by Aarsand Management, LLC, to recover wages and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA").

2. The collective action group consists of Maintenance Technicians employed by Defendant, whom Defendant has failed and refused to pay overtime because it misclassified those employees as exempt, but who are, in fact, nonexempt under the FLSA.

3. This action challenges the misclassification of these workers, and Defendant's denial to Plaintiff and the collective action group of the overtime wages owed to them as employees under the FLSA.

### I. Jurisdiction

4. Plaintiff invokes this Court's federal question jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331; and this Court's supplemental jurisdiction under 28 U.S.C. §

1367(a).

## II. Parties

5.  Plaintiff, Michael O'Rorey, is an adult individual who resides in Armstrong County, Pennsylvania.

6.  Defendant, Aarsand Management, LLC, is Taco Bell franchisee with a principal place of business located at 11019 McCormick Rd., Ste 320, Hunt Valley, MD, 21031.

7.  At all times relevant, Defendant engaged in interstate commerce within the meaning of 29 U.S.C. §§ 203(b), 203(c), 206(a), and 207(a).

8.  At all times relevant, Defendant had annual gross revenues in excess of $500,000.00.

9.  Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. § 203(d).

10. Plaintiff's position as Maintenance Technician does not satisfy any exemptions to the minimum wage requirements listed under 29 U.S.C. § 213.

## III. Facts

11. Defendant operates a series of Taco Bell restaurants in Maryland, Delaware, West Virginia, and Pennsylvania.

12. From May 2008 through and including the filing of this Complaint and onward into the future, Plaintiff worked and continues to work as a Maintenance Technician for Defendant. A Maintenance Technician travels to different Taco Bell locations owned by Defendant to service equipment and perform general maintenance tasks.

13. Plaintiff indeed traveled between multiple Taco Bell locations in Pennsylvania to perform maintenance tasks throughout the day.

14. In May 2019, Defendant began a practice of requiring Plaintiff and other

Maintenance Technicians to track their hours worked on weekly work sheets.

15. Defendant expected Plaintiff and other Maintenance Technicians to work 50 hours each week, and scheduled them to work at least 50 hours each week.

16. Plaintiff consistently worked at least 50 hours each week, and virtually always worked more than 40 hours each week.

17. However, Plaintiff and other Maintenance Technicians were not paid for 1.5 times half their regular rate of pay for all overtime hours worked.

18. Defendant also instructed Plaintiff and other Maintenance Technicians not to include on their weekly work sheets any hours spent traveling between Defendant's stores, or time spent loading and unloading equipment from service vehicles.

19. As a result, Plaintiff's and other Maintenance Technicians' weekly worksheets did not include all the time spent traveling and loading/unloading equipment.

**Collective Action Group Allegations**

20. Plaintiffs bring this FLSA lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following group of potential opt-in litigants:

> All individuals who worked as Maintenance Technicians for Aarsand Management, LLC between October 2018 and the present, and who were misclassified as exempt for purposes of eligibility for payment of time and one half overtime by Aarsand.

21. Plaintiffs and the above collective action group members are "similarly situated" as that term is defined by 29 U.S.C. § 216(b), because, *inter alia*, all collective action group members are required by Defendant to work more than 40 hours a week; have substantially the same job requirements and pay provisions described in this complaint; work pursuant to Aarsand's common business practices and procedures as described herein; and, as a result of such practices, were not paid the legally mandated overtime and wages for all hours worked over 40, as required

by the FLSA.

22. Resolution of this action requires inquiry into many common facts, including Aarsand's common procedures, compensation, timekeeping, and payroll practices.

23. Upon information and belief, the collective action group for whose benefit this action includes less than ten (10) Maintenance Technicians in Pennsylvania, West Virginia, Maryland, and Delaware who each work under the same uniform Aarsand policies, practices, and conditions outlined herein.

24. Plaintiff is a member of the similarly situated collective action group he seeks to represent, and his claims arise from the same factual and legal basis as those of the other group members.

25. Plaintiff has no interest antagonistic to, or in conflict with, the collective action group members.

26. All members of the collective action group have been injured by the same company-wide policies and practices by Aarsand as described herein.

## Count I
## Fair Labor Standards Act ("FLSA")

27. Plaintiff incorporates the allegations of paragraphs 1 through 26 as if fully restated.

28. Defendant employed Plaintiff and Collective Action Plaintiffs in commerce for many work weeks more than forty hours but failed to compensate them for such work in excess of forty hours at a rate not less than one and one-half times the regular rate at which they were employed, in violation of FLSA, 29 U.S.C § 207(a).

29. During the same period, Defendant further failed to pay Plaintiff and Collective Action Plaintiffs overtime payments beyond the next payday after the overtime was worked and computed, in violation of 29 U.S.C. § 207(a), and 29 C.F.R. § 778.106.

30. Defendant's refusal to pay Plaintiff and Collective Action Plaintiffs at a rate not less than one and one-half the regular rate at which they were employed for work performed in excess of the forty-hour workweek was willful.

WHEREFORE, the Plaintiff demands judgment against Defendant for all overtime wages due, as well as liquidated damages in the amount of one hundred percent of the unpaid overtime wages, interest, Plaintiff's costs in prosecuting this action, and a reasonable attorney's fee.

## Count II
### Pennsylvania Minimum Wage Act ("PMWA")

31. Plaintiff incorporates the allegations of paragraphs 1 through 30 as if fully restated.

32. During the relevant time period, Defendant employed the Plaintiff and at least one other Pennsylvania Maintenance Technician in commerce for many work weeks more than forty hours but failed to compensate them for such work in excess of forty hours at a rate not less than one and one-half times the regular rate at which they were employed, in violation of the PMWA, 43 P.S. § 333.104(c) and 34 Pa. Code. § 231.41.

33. Defendant's refusal to pay the Plaintiff and other Pennsylvania Maintenance Technicians at a rate not less than one and one-half the regular rate at which they were employed for work performed in excess of the forty-hour workweek was willful.

WHEREFORE, the Plaintiff requests an order requiring Defendant to make restitution of all state law overtime wages due to Plaintiff in an amount to be proved at trial, along with interest, the costs of this litigation, and reasonable attorney's fees.

Respectfully submitted,

**ELZER LAW FIRM, LLC**

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157

100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 230-836

Attorney for Plaintiff